UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROY-EDWARD KIDD-LITTLEBIRD,      Case No. 1:16-cv-1151
    Petitioner,

                                                                 Black, J.
vs.                                                       Wehrman, M.J.

HAMILTON COUNTY,                     **REPORT AND**
    Respondent.                              **RECOMMENDATION**

Petitioner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) and a motion to amend/correct the petition. (Doc. 2). Petitioner's motion to amend is hereby **GRANTED**. (Doc. 2). However, for the reasons stated below, the petition should be dismissed.[1]

In the petition, petitioner challenges his arrest and prosecution on one count of obstructing official business in Hamilton County, Municipal Court case number C16CRB28565. Petitioner indicates that he has been released on conditional bond while awaiting trial. (*Id.* at PageID 3). He brings the following four grounds for relief in the petition:

> **GROUND ONE**: Full faith and Credit, Supremacy Clause Article III, Section 2, First, Fourth, Fifth, Sixth, Eighth Ninth and Fourteenth Amendments to the United States Constitution and Defacto Officer Doctrine.
>
> Supporting facts: State actor Cifuentes, a duly appointed and acting officer of the Colerain Township, acting under color of law, to wit, under color of statute, and regulation, caused the unlawful arrest of Petitioner on Petitioners property while conducting no investigation of allegations of criminal conduct nor was he serving any warrant, nor did he witness any criminal conduct regarding Petitioner.
>
> **GROUND TWO**: Full faith and Credit, Supremacy Clause Article III, Section 2, First, Fourth, Fifth, Sixth, Eighth Ninth and Fourteenth Amendments to the United States Constitution and Defacto Officer Doctrine.

---

[1] Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court "must promptly examine" habeas petitions forwarded by the clerk for initial review and "must dismiss" a habeas petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* 28 U.S.C. foll. § 2254.

> Supporting facts:  State actor Cifuentes, a duly appointed and acting officer of the Colerain Township, acting under color of law did cause the imprisonment of this Petitioner in the Hamilton County Justice Center and did not cite Petitioner to Court or permit Petitioner to be taken directly to judge after being requested to do so, nor did he permit Petitioner to leave the jail after he confirmed Petitioners identity.
>
> **GROUND THREE**:  Full faith and Credit, Supremacy Clause Article III, Section 2, First, Fourth, Fifth, Sixth, Eighth Ninth and Fourteenth Amendments to the United States Constitution and Defacto Officer Doctrine.
>
> Supporting facts:   Petitioner herein was retaliatory arrested under 2921.31, of conde handbook yet 2921.31 does not give grounds for arrest in this matter. 2921.31 does not describe or include 'refusal to identify oneself' as grounds for physical arrest.  State actor Cifuentes stated "I would not be arresting you had you just given me your name," and allegation of Petitioner being "agitated" as his grounds for arrest and subsequent detention, not the language of 2921.31.
>
> **GROUND FOUR**:  Full faith and Credit, Supremacy Clause Article III, Section 2, First, Fourth, Fifth, Sixth, Eighth Ninth and Fourteenth Amendments to the United States Constitution and Defacto Officer Doctrine.
>
> Supporting facts:  Due to the actions and inactions of state actor Cifuentes, there exists a pending criminal proceeding wherein Petitioner is compelled under color of law, color of procedure, and through duress to participate.  Petitioner has no plead verbally or written form in this proceeding and does not submit to the jurisdiction of the lower court and Petitioner is being compelled to part with my personal funds to defend this baseless matter.

(Doc. 2 at PageID 44–46).

A pretrial detainee, who has exhausted all available state court remedies as a prelude to seeking federal habeas relief, may seek federal habeas relief under 28 U.S.C. § 2241.  *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-90 (1973); *Atkins v. Michigan,* 644 F.2d 543, 546-47 (6th Cir. 1981).  However, it is well-settled that a federal court should not interfere in pending state court criminal proceedings absent the threat of "irreparable injury" that is "both great and immediate." *Younger v. Harris,* 401 U.S. 37, 46 (1971). Abstention from adjudicating the merits of an affirmative defense to a state criminal charge prior

2

to the state court's entry of the final judgment of conviction is justified by considerations of comity. *Atkins,* 644 F.2d at 546. Therefore, intrusion into state proceedings already underway is warranted only in extraordinary circumstances. *Braden,* 410 U.S. at 489 (1973); *Atkins,* 644 F.2d at 546. Furthermore, even if extraordinary circumstances exist to warrant federal court intervention into on-going state criminal prosecutions, the petitioner must exhaust all available state court remedies before seeking federal habeas relief. *See, e.g., Braden,* 410 U.S. at 490; *Atkins,* 644 F.2d at 546.

The Sixth Circuit has recognized exceptions to the *Younger* abstention doctrine in only three scenarios: (1) when the petitioner seeks a speedy trial, *Atkins,* 644 F.2d at 546-47; (2) when the petitioner seeks to avoid a second trial on the ground that it would violate the Double Jeopardy Clause, *Delk v. Atkinson,* 665 F.2d 90, 93 (6th Cir. 1981); and (3) when the petitioner seeks to challenge the State's attempt to retry him rather than permit him to accept an initial plea offer originally rejected due to ineffective assistance of counsel, *Turner v. Tennessee,* 858 F.2d 1201, 1205 (6th Cir. 1988), *vacated on other grounds,* 492 U.S. 902 (1989). *See, e.g., Pruitt v. Ohio,* No. 1:10cv313, 2010 WL 2607246, at *2 (S.D. Ohio May 19, 2010) (Hogan, M.J.) (Report & Recommendation), *adopted*, 2010 WL 2620804 (S.D. Ohio June 25, 2010) (Barrett, J.); *Jenkins v. Kentucky*, Civ. Act. No. 14-31-HRW, 2014 WL 2758762, at *2 (E.D. Ky. June 3, 2014) (citing and quoting *Simpson v. Jones*, No. 11-cv-422-JBC-CJS, 2012 WL 3912755, at *2-3 (E.D. Ky. July 16, 2012) (Report & Recommendation), *adopted*, 2012 WL 3912738 (E.D. Ky. Sept. 7, 2012)); *Coleman v. Jones,* No. 3:10cv163, 2010 WL 1643276, at *3 (E.D. Tenn. Apr. 21, 2010); *Robinson v. Michigan,* No. 1:09cv231, 2009 WL 1067245, at *1 (W.D. Mich. Apr. 17, 2009). None of those exceptions apply here. Petitioner's claims do not constitute the type of "extraordinary circumstances" recognized by the Sixth Circuit that would permit this Court to

intervene in the pending state criminal trial proceedings.

In any event, even assuming, *arguendo*, that extraordinary circumstances exist to justify this Court's intervention in the ongoing state criminal proceedings, it appears that it is subject to dismissal because petitioner has not exhausted any available state court remedies before applying for federal habeas corpus relief.[2]

### IT IS THEREFORE ORDERED THAT:

Petitioner's motion to amend (Doc. 2) is **GRANTED.**

### IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's *pro se* petition for a writ of habeas corpus be **DISMISSED** without prejudice to refiling after petitioner has exhausted all available state court remedies.

2. A certificate of appealability should not issue because, for the foregoing reasons, petitioner has not made a substantial showing of the denial of a constitutional right that is remediable at this juncture in this proceeding. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that with respect to any application by petitioner to proceed on appeal *in forma pauperis,* an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis. See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

        s/ J. Gregory Wehrman  
        J. Gregory Wehrman  
        United States Magistrate Judge

---

[2] The online docket report for petitioner's Hamilton County, Ohio case is available at https://www.courtclerk.org/case.asp, under case number C/16/CRB/28565.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

ROY-EDWARD KIDD-LITTLEBIRD,  
    Petitioner,

vs.

HAMILTON COUNTY,  
    Respondent.

Case No. 1:16-cv-1151

Black, J.  
Wehrman, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).